IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv172
(3:04cr326)

| | |
|---|---|
| COREY RESHON SIMPSON,   )<br>  )<br>  Petitioner,   )<br>  )<br>  v.   )<br>  )<br>UNITED STATES OF AMERICA,   )<br>  )<br>  Respondent.   )<br>_____)  | ORDER |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1); the Government's Response (Doc. No. 3), and the Government's Motion for Summary Judgment (Doc. No. 4).[1]  For the reasons stated below, the Government's Motion for Summary Judgment will be granted and Simpson's Motion to Vacate, Set Aside or Correct Sentence will be denied and dismissed.

I.   PROCEDURAL HISTORY

On December 14, 2004, Petitioner was indicted under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon.  (Case No. 3:04cr326: Doc. No. 1).  On July 21, 2005, Petitioner's case proceeded to trial and resulted in a guilty verdict the next day.  (Id., Doc. No. 33).  On October 31, 2005, this Court sentenced Petitioner to 115 months' imprisonment and entered the Judgment on November 16, 2005.  (Id., Doc. No. 40).  Petitioner filed a Notice of Appeal on November 8, 2005.  (Id., Doc. No. 37).  On January 19, 2007, the United States Court

---

[1]   The Court notified Petitioner of the Government's summary judgment motion in compliance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  (Doc. No. 5).  However, Petitioner never responded.

of Appeals for the Fourth Circuit affirmed his sentence and conviction by unpublished opinion. United States v. Simpson, 214 Fed. App'x 311 (4th Cir. 2007)(per curiam).

Petitioner timely filed the instant Motion to Vacate. (Doc. No. 1). Petitioner alleges that he received ineffective assistance of counsel because his counsel: 1) failed to object to a jury instruction; 2) failed to object to a sentence enhancement; 3) failed to advise him with regard to a guilty plea; and 4) operated under a conflict of interest. He also alleges that documentary evidence does not establish the nature of his prior convictions. The Government moves for summary judgment on all these claims.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after this initial review, a court must direct the Government to respond. Id. A court then reviews the Government's answer and any additional materials submitted by the parties— including affidavits—to determine whether an evidentiary hearing is necessary. Rule 8(a). A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that he is not entitled to relief on any of his § 2255 claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. U.S. v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most

2

favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

III. DISCUSSION

    A. Ineffective Assistance of Counsel

Petitioner's first three ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by such constitutionally deficient representation. In establishing counsel's effectiveness, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

    1. Failure to Object to Jury Instruction

Petitioner asserts that his counsel was ineffective for failing to object to a jury instruction regarding the number of witnesses who testified and their individual credibility. (Doc. No. 1: Motion at 5; Doc. No. 1-1: Memorandum at 12-13).[2]

---

[2] Petitioner challenged this same jury instruction on direct appeal. The Fourth Circuit ruled that "when considering the instruction as a whole . . . we conclude the challenged instruction does not warrant reversal." United States v. Simpson, 214 Fed. App'x 311, 314 (4th Cir. 2007)(per curiam).

3

At trial the Court instructed the jury that :

> Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not to believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

Petitioner argues that because he did not testify and because he only presented one witness on his behalf, this instruction implied to the jury that Petitioner was required to present evidence and therefore shifted the burden of proof to him. In addition, Petitioner argues that the instruction at issue implies a credibility weighing that is more akin to a preponderance of the evidence standard.

In <u>United States v. Moss</u>, 756 F.2d 329, 335 (4th Cir. 1985), the Fourth Circuit noted that the number of witnesses instruction is intended to protect defendants, who frequently have fewer witnesses testify than the government, from any adverse inferences that might be drawn from this fact. The Fourth Circuit further noted that a number of witnesses instruction was not an adverse comment on defendant's refusal to testify and held that the number of witness instruction did not violate the defendant's constitutional rights. <u>Id.</u> Accordingly, the jury instruction at issue was properly given and Petitioner's counsel was not ineffective for failing to object to it.

Additionally, the challenged instruction was immediately preceded by an instruction regarding Petitioner's constitutional right not to testify, and the Court reminded the jury that the burden of proof rested entirely on the Government. Therefore, the record conclusively shows that Petitioner is not entitled to relief on the claim that his counsel was ineffective for failing to

object at trial to the number of witnesses jury instruction.

## 2. Failure to Challenge Enhancement

Petitioner also alleges that his counsel was ineffective for failing to review his prior convictions and to object to the enhancement of his sentence based on them. More specifically, Petitioner alleges that his counsel should have objected to this enhancement based upon the Supreme Court's decision in Shepard v. United States, 544 U.S. 13 (2005). (Doc. No. 1: Motion at 5; Doc. No. 1-1: Memorandum at 4-7).

In Apprendi v. New Jersey, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). In Shepard, the Supreme Court held that, as a result of Apprendi, a sentencing court considering a disputed prior conviction is limited to examining specific evidence, such as the charging document, plea agreement, or "some other comparable judicial record of this information, for sentencing enhancement under 18 U.S.C. § 924(e). 544 U.S. 13, 26 (2005). In United States v. Washington, the Fourth Circuit interpreted Shepard to apply to sentencing enhancements under §2K2.1 and §4B1.2 of the Sentencing Guidelines. 404 F.3d 834, 842 (4th Cir. 2005). In United States v. Thompson, the Fourth Circuit upheld the use of a pre-sentence report to enhance a sentence for prior convictions, noting that the "trial judge was entitled to rely upon the presentence report because it bears the earmarks of derivation from Shepard-approved sources." 421 F.3d 278, 285 (4th Cir. 2005).

Here, Petitioner informed the Court at the sentencing hearing that he had reviewed the presentence report and had time to discuss it with his attorney. (Crim. Case No. 3:04cr326: Doc.

No. 51: Sent. Hr'g Tr. at 2). Yet he did not object to details in the report regarding his prior convictions nor has he provided contrary evidence in this action regarding the nature of the convictions. Indeed, the prior convictions at issue were for Possession with Intent to Sell and Deliver Cocaine and Attempting to Traffic in Cocaine, in violation of North Carolina General Statute § 90-95(a). That statute has been approved as a valid basis for increasing the offense level under USSG § 2K2.1(a)(2). See United States v. Kirkland, 225 Fed. App'x 168, 169 (4th Cir. 2007)(per curiam). Therefore, the record plainly shows that counsel was not ineffective for failing to object to the enhancement of his sentence based upon his prior convictions.[3] Even if counsel failed to review the prior convictions during his representation of Petitioner, no evidence shows that the outcome of the proceedings would have been different. Thus, no hearing is warranted on this claim.

3.      Failure to Negotiate a Plea

Next, Petitioner alleges that his counsel was ineffective for failing to negotiate a plea agreement and for failing to properly advise him regarding a guilty plea. Petitioner further asserts that his counsel did not inform him of his maximum sentencing exposure during pre-trial proceedings and that if he had Petitioner would have been "far more likely to plead guilty." (Doc. No. 1: Motion at 5; Doc. No. 1-1: Memorandum at 12).

A defendant has no constitutional right to a plea agreement, Weatherford v. Bursey, 429 U.S. 545, 561 (1977), and counsel has no duty to initiate negotiations for a plea bargain, Beans v. Black, 757 F.2d 933, 936 (8th Cir. 1985). Additionally, to be successful on this type of claim, a petitioner must show that he would have pled guilty but for counsel's ineffectiveness. See Toro

---

[3] The above also resolves Petitioner's claim on the merits that the Court improperly used prior convictions to enhance the sentence.

v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991)(dismissing ineffective assistance of counsel claim for failure to establish petitioner would have accepted a plea absent attorney error). Here, Petitioner has not shown that he ever asked his counsel to negotiate a plea deal for him, nor is there any evidence that the Government was willing to enter into a plea agreement. Most significantly, Petitioner merely states he would have been "far more likely to plead guilty" had he known about his sentencing exposure. (Doc. No. 1-1: Memorandum at 12). Thus, there is no evidence showing a reasonable probability that the outcome would have been different but for counsel's performance and no hearing is required.

4. Conflict of Interest

Finally, Petitioner alleges that he received ineffective assistance of counsel because his counsel operated under a conflict of interest. (Doc. No. 1: Motion at 5; Doc. No. 1-1: Memorandum at 14-16).

In order to obtain relief based on such a claim, a petitioner must establish that an actual conflict existed and that the conflict adversely affected counsel's performance. See Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). A petitioner who shows that a conflict of interest actually affected the adequacy of the attorney's representation need not demonstrate prejudice. Id. To warrant an evidentiary hearing on a conflict of interest claim, a petitioner must allege specific facts, which if true, would entitle him to relief, and may not rest on "mere inferences" or "vague allegations." Jones v. Polk, 401 F.3d 257, 26-70 (4th Cir. 2005).

Here, Petitioner bases his assertion that his counsel operated under a conflict of interest upon speculation that his counsel made decisions based on an "interest in obtaining the maximum CJA fee." (Doc. No. 1-1, Memorandum at 16). Although Petitioner has provided information about an investigation into alleged double-billing practices which involved trial

7

counsel,[4] no evidence, or even factual assertion, shows any actual conflict of interest or impact on counsel's performance in this case. Consequently, Petitioner is not entitled to a hearing on this claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)( "[A] habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

    IV.    CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 3) is **GRANTED**;

2. Petitioner's Motion to Vacate (Doc. No. 1) is **DENIED** and **DISMISSED;** and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

---

[4] Petitioner references a local newspaper article describing the investigation.

Signed: August 31, 2010

Robert J. Conrad, Jr.
Chief United States District Judge